| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>In re:                                                            : | FOR PUBLICATION |

UNITED STATES BANKRUPTCY COURT         FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                          :
                                                            :         Chapter 11
        DREIER LLP,                          :         Case No. 08-15051 (SMB)

*[Court caption reproduced as shown]*

UNITED STATES BANKRUPTCY COURT         FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK

In re:

    DREIER LLP,                                      Chapter 11
                                               Case No. 08-15051 (SMB)

                 Debtor.

In re:

    MARC S. DREIER,                     Chapter 7
                                               Case No. 09-10371 (SMB)

                 Debtor.

SALEH HOLDINGS GROUP, INC.

                 Plaintiff,
       -- against --                     Adv. Proc. No.: 09-01477

MARC S. DREIER, ELISA DREIER, and
DREIER LLP

                 Defendants.

## MEMORANDUM DECISION GRANTING MOTION
## TO DISMISS GUARANTY CLAIM

**A P P E A R A N C E S:**

MORGENSTERN & BLUE LLC
Attorneys for Plaintiff
885 Third Avenue, 24th floor
New York, New York 10022

    Gregory A. Blue, Esq.
        Of Counsel

THE ROTH LAW FIRM, PLLC
Attorneys for Defendant Elisa Dreier
545 Fifth Avenue, Suite 960
New York, New York 10017

    Richard A. Roth, Esq.
        Of Counsel
.

**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge:**

Elisa Dreier ("Elisa"), the only remaining defendant in this adversary proceeding, has moved to dismiss the Amended Adversary Complaint, dated Sept. 23, 2009 ("Amended Complaint") (ECF Doc. #2) filed by the plaintiff, Saleh Holdings Group, Inc. ("Saleh"). The Amended Complaint asserts, <u>inter alia</u>, a claim against Elisa based upon a guaranty that she and her former spouse, Marc S. Dreier ("Marc"), executed in connection with the debt of Dreier LLP. For the reasons that follow, the guaranty claim is dismissed.

## BACKGROUND

On October 21, 1997, Dreier LLP's predecessor executed a note payable to Saleh in the sum of $550,000 (the "Note"). (Amended Complaint ¶ 11.) The Note matured on October 31, 1999, (Note ¶ 3), and provided that any modifications or extensions must be in writing and signed by the party against whom enforcement is sought. (<u>Id.</u> at 4.)

Elisa and Marc guarantied the Note (the "Guaranty"). The Guaranty provided, among other things, that "the undersigned shall remain bound under this Guaranty notwithstanding any such exchange, surrender, release, change, alteration, renewal, extension, continuance, compromise, waiver, inaction, extension of further credit or other dealing [under the original Note]." (Guaranty ¶ 4.) The Amended Complaint also alleges that Marc and Elisa secured payment of the Note with a mortgage on property located at 27 Meadow Lane, Westhampton Beach, New York, 10111 (the "Property"). (Amended Complaint ¶ 14.) The Note and Guaranty provided, however, that the mortgage secured payment of the Guaranty, not the Note. (Note ¶ 6; Guaranty ¶ 21.)

2

Dreier LLP paid roughly $55,000 in principal, (Amended Complaint ¶ 15), and continued to make monthly interest payments until November 2008. (Id. ¶ 16.) On December 16, 2008, Dreier LLP voluntarily filed for bankruptcy under chapter 11. (Case No. 08-15051.) On January 26, 2009, Marc's creditors filed an involuntary petition under chapter 7, and the Court ordered relief on February 27, 2009. (Case No. 09-10371, ECF Doc. # 10.)

On June 2, 2009, Saleh sued Elisa in the Supreme Court of New York to recover on the Guaranty, (Amended Complaint ¶ 30), and Elisa moved to dismiss on two grounds: the Guaranty claim was time-barred and the mortgage on the Property had been satisfied as evidenced by a Satisfaction of Mortgage, dated March 15, 2002, and recorded July 23, 2002. (Id. ¶ 31.) Saleh removed the action to the District Court pursuant to 28 U.S.C. § 1452(a) on July 19, 2009, and the District Court subsequently referred the case to this Court. (Id. ¶¶ 34-35.) In the interim, Marc's trustee filed a Notice of Abandonment of the Property on July 28, 2009. (Case No. 09-10371, ECF Doc. # 69.)

Saleh filed an Amended Complaint on September 23, 2009, (ECF Doc. #2), which added Marc and Dreier LLP as defendants and asserted four claims for relief. Counts I and II sought recovery against Elisa and Marc, respectively, under the Guaranty. Count III alleged a claim against Dreier LLP for the unpaid balance due under the Note. Finally, Count IV sought a judgment declaring that (1) the Satisfaction of Mortgage was forged, (2) Dreier LLP had not satisfied its debt to Saleh, (3) Saleh was a secured creditor of Dreier LLP, and (4) Saleh was a secured creditor of Marc. Saleh and Dreier LLP have since stipulated to a dismissal without prejudice, (ECF Doc. # 13), and Saleh has

3

dismissed Marc by notice pursuant to Federal Bankruptcy Rule 7041. (ECF Doc. # 17.) Thus, all that remains of the Amended Complaint are Count I and, arguably, Count IV.

Elisa has now moved to dismiss the Amended Complaint, but her motion only addresses Count I. (ECF Doc. #5.) She contends that the statute of limitations governing a claim under the Guaranty began running, at the latest, on October 31, 1999, the maturity date of the Note, and expired on October 31, 2005, before the commencement of the original state court action.

**DISCUSSION**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). In addition to the complaint, the Court can consider documents incorporated into the complaint by reference and matters of which it may take judicial notice, Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007), as well as "documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); accord Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007); Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000). If the documents contain statements that contradict the allegations in the complaint, the documents control. Roth, 489 F.3d at 510-11.

4

The Guaranty, like the Note, is governed by New York law.  Under New York law, an action to enforce a guaranty is subject to a six-year statute of limitations, N.Y. C.P.L.R. 213 (McKinney 2009), that begins to run when the debtor defaults on the underlying debt.  Haber v. Nasser, 733 N.Y.S.2d 720, 721 (N.Y. App. Div. 2001).

Here, the Note became due on October 31, 1999.  The Amended Complaint alleges, and I accept as true, that Dreier LLP, the principal debtor and maker of the Note, made interest payments until November 2008.  "It is a long-standing common-law rule that, if part payment of a debt otherwise outlawed by the Statute of Limitations is made under circumstances from which a promise to honor the obligation may be inferred, it will be effective to make the time limited for bringing an action start anew from the time of such payment."  Roth v. Michelson, 434 N.E.2d 228, 230 (N.Y. 1982); accord In re Consalus, 95 N.Y. 340, 345 (1884).  I assume for the sake of this opinion that Dreier LLP's payment of interest tolled the running of statute of limitations on the Note until November 2008.

Saleh's opposition assumes that those payments also automatically tolled the statute of limitations to bring suit under the Guaranty.  The law, however, is to the contrary, as explained in the leading case, Peoples Trust Co. v. O'Neil, 7 N.E.2d 244 (N.Y. 1937).  There, the defendant guaranteed two demand notes made in favor of the plaintiff by her son.  She never made any payments on the note.  Her son did, but not as her agent or with her authority.  The plaintiff sued the guarantor more than six years after the notes became payable, and the guarantor raised the statute of limitations as a defense.  Id. at 245.

5

The New York Court of Appeals dismissed the complaint, announcing the principle of law that governs the disposition of Elisa's motion. Under well-settled rules, a payment by a joint obligor does not extend the statute of limitations as to the other joint obligors. Id. Similarly, a payment by a principal debtor does not extend the statute of limitations as against a surety, and a payment by the surety does not extend the statute of limitations as against a principal debtor. Id. The natural extension of the rule is that a payment by a maker without the express or implied authority of a guarantor does not affect the statute of limitations as against a guarantor. See id. at 246; accord Park Assocs. v. Crescent Park Assocs., Inc., 552 N.Y.S.2d 314, 315-16 (N.Y. App. Div. 1990).

The Amended Complaint alleges that Dreier LLP continued to pay interest until November 2008. It does not allege that Elisa paid interest, or that Dreier LLP made the interest or other payments with Elisa's express or implied authority. Accordingly, the claim against Elisa accrued on October 31, 1999, and expired prior to the commencement of this action.

None of the authorities that Saleh invokes alters this conclusion. A contract of guaranty is strictissimi juris, and under the common law, any alteration of the principal obligation, whether material or immaterial, discharges the guarantor unless she agrees to be bound. See White Rose Food v. Saleh, 788 N.E.2d 602, 603 (N.Y. 2003); Becker v. Faber, 19 N.E.2d 997, 998-99 (N.Y. 1939). This rule applies to extensions of payment. Nat'l Park Bank v. Koehler, 97 N.E. 468, 470 (N.Y. 1912).

Paragraph 4 of the Guaranty embodied Elisa's agreement that she would not be discharged if the Note was modified or extended. Of course, there is no allegation here

6

that the Note was ever modified in a signed writing in accordance with its terms. But even if Saleh and Dreier LLP had agreed in writing to extend the payment terms, Elisa's consent in the Guaranty would simply mean that the modification did not discharge her, and she remained liable under the Guaranty.[1] This is the exception to the common law rule applied in White Rose Food v. Saleh and First Am. Bank v. Builders Funding Corp., 607 N.Y.S.2d 460 (N.Y. App. Div. 1994). Neither case involved a statute of limitations defense nor supports the proposition that an extension granted to the principal debtor extends in like manner the statute of limitations as against the guarantor.

Orix Fin. Servs., Inc. v. Roth, No. 06 Civ. 2069, 2008 WL 953994 (S.D.N.Y. Apr. 8, 2008) did involve a statute-of-limitations defense, but it is distinguishable. There, the defendant's husband signed two promissory notes in March and April 2000, which the defendant guarantied. The notes went into default in July 2001, and the plaintiff sued on the guaranty in March 2006. The defendant, appearing pro se, moved to dismiss under the mistaken belief that the claim was governed by a three-year statute of limitations. The district court denied the motion because New York law imposed a six-year statute of limitations. 2008 WL 953994, at *2.

The opinion recited the well-settled rule that the statute of limitations on the guaranty begins to run when the principal debtor defaults. There is no issue with the rule. Here, however, the Note went into default when it was not paid on the maturity date,

---

[1] Elisa could not have waived the statute of limitations defense in the Guaranty, because such a waiver would have been contrary to public policy and unenforceable. Pine v. Okoniewski, 11 N.Y.S.2d 13, 15 (N.Y. App. Div. 1939)("An agreement to waive the Statute of Limitations at the inception of liability contravenes public policy and is unenforcible [sic]."); Crocker v. Ireland, 256 N.Y.S. 638, 639 (N.Y. App. Div. 1932)("[T]he statute of limitations may not be waived in the original contract, that is, at the inception of liability."); see United States v. Curtiss Aero-Plane Co., 147 F.2d 639, 640-41 (2d Cir. 1945) (L. Hand, J.).

7

October 31, 1999.  The payment of interest by Dreier LLP tolled the statute of limitations, but did not effect a similar toll as against Elisa.  Such is the rule of <u>Peoples Trust Co. v. O'Neil</u>.

Based on the foregoing, Count I of the Amended Complaint will be dismissed, and the parties are directed to settle an appropriate order.  The parties are directed to appear at a conference on January 19, 2010, at 10 a.m., to discuss the disposition of Count IV and schedule further proceedings.

Dated: New York, New York
       December 22, 2009

                              /s/ *Stuart M. Bernstein*
                              STUART M. BERNSTEIN
                              Chief United States Bankruptcy Judge